HUTCHINSON, INC., A CORPORATION, PLAINTIFF-APPEL-
LANT, v. HENRY JEFFERY, DEFENDANT-APPELLEE.

Submitted January 9, 1940—Decided April 19, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-appellant, *Heuser & Heuser* (*Ralph S. Heuser,* of counsel).

For the defendant-appellee, Henry Jeffery, *Edward W. Wise* (*J. Frank Weigand,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This cause of action was based upon an assignment for the sum of $300 made by Henry Jeffery and Arthur W. Smith to Hutchinson, Inc., plaintiff-appellant, as set forth in the state of demand.

The assignment which embodied all the terms of the contract stipulated that the amount of $300 as called for by the assignment should be paid "from the first payment on a certain contract entered into between them and the said Ray C. McLaughlin and Eleanor C. McLaughlin, dated ——."

On April 14th, 1939, a check for $300 was drawn and signed by Hagerman Lumber Company, the disbursing agent for McLaughlin, under a Federal Housing Administration contract entered into between McLaughlin and the Federal Housing Administration. The payees on the check were A. W. Smith and Hutchinson, Inc. On the left-hand corner of the check was written "McLaughlin A. B. C. N. J. 308,

first payment." This check was endorsed over to Hutchinson, Inc., by A. W. Smith and endorsed for deposit by Hutchinson, Inc., in its account.

At the conclusion of the plaintiff's case a motion was made on behalf of the defendant Henry Jeffery, for a nonsuit on the ground that the plaintiff had failed to make out a cause of action. The court granted the nonsuit as to Henry Jeffery and it is from this nonsuit that the plaintiff Hutchinson, Inc., appeals.

We think that the nonsuit was right.

In *Pellington* v. *Erie Railroad Co.,* 115 *N. J. L.* 589, the court in discussing the grounds for a nonsuit said: "The power of a judge to order a nonsuit or direct a verdict does not depend upon the absence of all testimony in opposition to the case in favor of which the ruling is made, but the test is whether there is any testimony from which the jury can reasonably conclude that the facts sought to be proven are established." Certainly, tested by this rule the nonsuit was quite justified.

The facts sought to be proven in this particular case as set forth in the plaintiff's state of demand were that the defendant owed the plaintiff certain moneys on assignment made by the defendant to the plaintiff, and that this money is still due and owing.

Now as we have pointed out, the assignment in the present case was complete and valid on its face stating not only the amount due and owing from the defendant to the plaintiff but also the source from which payment was to be made, namely "from the first payment on a certain contract entered into between the defendant and the said Ray C. McLaughlin and Eleanor C. McLaughlin, dated ——." That this assignment is complete and valid on its face is admitted, and to vary its terms by oral testimony as is attempted by the plaintiff is in definite contravention of the parol evidence rule as set forth in *Naumberg* v. *Young,* 44 *N. J. L.* 331.

A check was produced by the defendant drawn by Hagerman Lumber Company, the disbursing agent for McLaughlin under a Federal Housing Administration contract entered into between McLaughlin and the Federal Housing Adminis-

tration, payable to A. W. Smith, one of the co-defendants, and Hutchinson, Inc. This check was endorsed over to Hutchinson, Inc., by Smith and deposited by Hutchinson, Inc., in its account. This check as is noted in the left-hand corner is a first payment on the McLaughlin job as called for in the assignment and is for the sum called for in the assignment.

Turning to the testimony of Raymond McLaughlin we find the following: "Q. Did you have any contract with Hutchinson, Inc., whatever? A. No, none at all. Q. No contract with him? A. Absolutely not." From this the only logical deduction is that the payment made by the Hagerman Lumber Company on the McLaughlin job was a payment of money owing to Smith, and that Smith had the check so drawn and did so endorse it as to discharge the obligation which he and Jeffery incurred through the assignment set up in the plaintiff's state of demand.

That other money may or may not have been owing to Hutchinson, Inc., from Smith for materials supplied in the McLaughlin job, has no bearing in this case whatsoever. For the plaintiff to claim that the check was given for some other obligation not only violates the parol evidence rule under the assignment, but also violates a fundamental rule of practice; that the proof in the case must be confined to and be consistent with the pleadings.

Apparently the plaintiff has attempted to appropriate the check which was given in payment of the assignment to other debts which may or may not have been owing to the plaintiff from the defendant Smith and still keep the assignment alive as to Jeffery. This the plaintiff is not entitled to do for the assignment contract to which all, namely Hutchinson, Inc., Smith and Jeffery, were parties, specifically states that the first payment on the McLaughlin job is to serve as a payment and discharge of the assignment set forth in the plaintiff's state of demand, and this contract cannot be altered without the consent of all parties thereto.

We conclude that the nonsuit in favor of the defendant Jeffery was properly granted and should be affirmed, with costs; and such will be the order.